IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE E. THOMAS, | ) | CASE NO. 3:10 CV 777 |
| | ) | |
| Petitioner, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    A.    Backgrounds facts, trial and sentencing . . . . . . . . . . . . . . . . . . . . . . -3-
    B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-
        1.    The Ohio appeals court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-
        2.    The Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . -6-
    C.    Application to reopen the appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-
    D.    Motion for re-sentencing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
    E.    Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-
    1.    Non-cognizable claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-
    2.    AEDPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-
    C.    Applications of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-
    1.    The purported ground seven raised for the first time in the traverse
        should not be considered since it is not properly before the Court.
        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-
    2.    Grounds that should be dismissed as non-cognizable . . . . . . . . -17-
        a.    Ground one – confession not supported by corroborating
            evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-
        b., c.  Ground two – denial of a jury instruction as to involuntary
            manslaughter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

        d.      Ground five – convictions against the manifest weight of the evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -22-

    3.    Claims that should be denied on the merits because the state court's adjudication of the claims was not an unreasonable application of clearly established federal law or was not contrary to clearly established federal law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -23-

        a.      Ground four – insufficiency of the evidence . . . . . . . . . . -23-

        b.      Ground six – ineffective assistance of trial counsel . . . . -26-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -31-

## Introduction

Before me by referral[1] is the *pro se* petition of Lawrence E. Thomas for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Thomas is incarcerated at the Lorain Correctional Institution in Grafton, Ohio.[3] He is serving a term of 33 years to life imposed in 2006 by the Lucas County (Ohio) Court of Common Pleas after a jury found Thomas guilty of one count each of aggravated murder and aggravated robbery with firearm specifications.[4]

Thomas in his petition asserts six grounds for relief.[5] The State in its return maintains that four of the asserted grounds should be dismissed as stating non-cognizable claims[6] and

---

[1] ECF # 15.

[2] ECF # 1.

[3] The petition states that Thomas is imprisoned at the Trumbull Correctional Institution (ECF # 1 at 1), and the return of the writ states that Thomas was incarcerated at the Toledo Correctional Institution at the time the State filed the return. ECF # 18 at 1 n.1. The current information as to where Thomas is jailed is from the website of the Ohio Department of Rehabilitation and Correction at http://www.drc.ohio.gov.

[4] ECF # 1 at 1; ECF # 18 at 2.

[5] ECF # 1 at 5-11.

[6] ECF # 18 at 11-22.

the remaining two grounds should be denied because the state appeals court decision was not an unreasonable application of clearly established federal law.[7] Thomas filed a traverse where, inter alia, he attempts to raise a new, seventh ground for relief.[8]

For the reasons that follow, I will recommend that the purported seventh ground for relief is not properly before this Court and so should not be addressed. I will further recommend that four grounds for relief raise non-cognizable claims for relief and so should be dismissed and that two grounds for relief should be denied on the merits because the state decision denying these claims was not an unreasonable application of clearly established federal law.

## Facts

### A.    Backgrounds facts, trial and sentencing

As determined by the Ohio appeals court,[9] this matter arises out of the death of Robert Smith in 2005 during a robbery.[10] Essentially, as Thomas came to tell police,[11] he brought

---

[7] *Id.* at 22-27.

[8] ECF # 22 at 6-11.

[9] Facts found by the state appeals court on its review of the trial record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard,* 269 F.3d 629, 637 (6th Cir. 2001).

[10] ECF # 18, Attachment at 57.

[11] Thomas gave a total of three statements to police regarding Smith's death. *See*, *id.* at 58-59.

-3-

William O'Neil to Smith's apartment in Toledo so that O'Neil could buy drugs from Smith.[12]
After O'Neil had purchased the drugs and left Smith's apartment with Thomas, O'Neil and
Thomas returned to rob Smith, and Thomas held a gun on Smith during the robbery.[13]
According to Thomas, his gun discharged accidentally killing Smith.[14]

Thomas was indicted on one count each of aggravated murder and aggravated
robbery, both with a firearm specification.[15] After a jury trial, Thomas was found guilty on
all charges.[16] On September 30, 2006, the trial judge then sentenced Thomas to an aggregate
term of 33 years to life in prison.[17]

**B.    Direct appeal**

*1.    The Ohio appeals court*

Now represented by different counsel,[18] Thomas timely filed[19] a direct appeal with the
Ohio appeals court initially raising six assignments of error:

---

[12] *Id*. at 59-60.

[13] *Id*. at 60.

[14] *Id*.

[15] *Id*. at 57.

[16] *Id*. at 60.

[17] *Id*.

[18] Thomas was represented at trial by Thomas Tomczak and Merle Dech. *Id*. at 4, 16. He was represented on appeal by Deborah Kovac Rump. *Id*. at 18.

[19] The state appeals court expressly found that Thomas's appeal was timely filed. *Id*. at 60.

1.      Thomas' confession was not corroborated by any evidence, especially as to the conviction for aggravated robbery. The absence of corroborative evidence precludes the admission of his custodial statements because corpus delicti has not been proven. Judgments of acquittal should have been entered.

2.      The trial court erred when it gave the jury instructions for aggravated murder and murder, but not involuntary manslaughter.

3.      The trial court erred by not providing the jury with a requested instruction for duress.

4.      The convictions were not supported by sufficient evidence because the state failed to prove that Thomas committed an aggravated robbery. Because of that, the conviction for aggravated murder is, therefore, also legally insufficient.

5.      The convictions were against the manifest weight of the evidence.

6.      Thomas did not receive effective assistance of counsel from his first attorney, thereby causing Thomas to be convicted.[20]

After the State had filed a responsive brief,[21] Thomas amended his brief[22] to add an additional assignment of error:

7.      The indictment in this case did not expressly charge the mens rea element of the crime of aggravated robbery. As such, the defective indictment is a structural error and Thomas' convictions for aggravated murder and robbery, with the accompanying firearms specifications, must be reversed.[23]

---

[20] *Id*. at 21.

[21] *Id*. at 34-46.

[22] *Id*. at 47-50.

[23] *Id.* at 48.

-5-

The State filed a response to Thomas' amended brief.[24] Then, on April 10, 2009, the Ohio appeals court overruled all the assignments of error and so affirmed the conviction and sentence.[25]

## 2.    *The Supreme Court of Ohio*

Thomas, *pro se*, thereupon timely filed[26] a notice of appeal with the Supreme Court of Ohio.[27] In his memorandum in support of jurisdiction Thomas asserted seven propositions of law:

1.    Appellant's confession was not corroborated by any evidence, especially as to the aggravated robbery. The absence of evidence to prove corpus delicti mandates judgment of acquittal be entered.

2.    The trial court erred by not providing the jury with requested instructions for voluntary manslaughter.

3.    The trial court erred by not providing the jury with the requested instructions for duress.

4.    The convictions were not supported by sufficient evidence[.] [B]ecause the state failed to prove that appellant committed an aggravated robbery, the conviction for aggravated murder is also legally insufficient.

5.    The convictions were against the manifest weight of the evidence.

---

[24] *Id*. at 51-56.

[25] *Id*. at 57-70.

[26] Thomas filed the notice of appeal on May 13, 2009, *id*. at 71, from the appellate decision entered on April 10, 2009. *Id*. at 57. Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) provides that a notice of appeal must be filed within 45 days of the entry of the judgement being appealed.

[27] *Id*. at 71-72.

6.      Appellant's first counsel provided ineffective assistance of counsel by permitting appellant to be interviewed three times, one without counsel present, given the state had absolutely no admissible proof connecting appellant to Smith's death.

7.      The indictment in this case did not expressly charge the mens rea element of the crime of aggravated robbery. As such, the defective indictment is a structural error and appellant's convictions for aggravated murder and robbery with the accompanying firearms specifications must be reversed.[28]

The State did not file a response.[29] On September 16, 2009, the Supreme Court of Ohio declined jurisdiction, dismissing the appeal as not involving any substantial constitutional question.[30] The record does not indicate that Thomas then sought a writ of certiorari from the Supreme Court of the United States.

## C.      Application to reopen the appeal

While his motion for leave to appeal was still pending before the Ohio Supreme Court, Thomas, *pro se*, timely filed an application with the Ohio appeals court to reopen his appeal,[31] raising the following assignment of error:

---

[28] *Id*. at 74-75.

[29] *See*, ECF # 18 at 5.

[30] ECF # 18, Attachment at 93.

[31] *Id*. at 94-107. Ohio App. Rule 26 (B)(1) provides that an application to reopen the appeal be filed "no more than ninety days from the journalization of the court's judgment, unless the defendant shows good cause." *Van Hook v. Bobby*, 661 F.3d 264, 269 (6th Cir. 2011) (citing rule). Here, the appellate judgment was journalized on April 10, 2009 (ECF # 18, Attachment at 57), and the motion to reopen that appeal was filed June 15, 2009. *Id*. at 94.

1.      A defendant is deprived of due process, equal protections (sic) of the law, and subjected to cruel and unusual punishment if his conviction is founded upon an involuntary confession; defendant had [a] constitutional right at some stage of the proceeding to an effective objection to the use of an (sic) false confession and to have a fair hearing and reliable determination of [the] voluntariness of his confession.[32]

Again, the State filed no response.[33] The Ohio appellate court thereupon denied the application to reopen the appeal, noting that the record evidenced no coercion from police such as would be a necessary predicate for invalidating his confession.[34]

Thomas, again *pro se*, then timely[35] appealed that denial to the Supreme Court of Ohio.[36] In his memorandum in support of jurisdiction Thomas raised the following proposition of law:

1.      Prejudice results when a defendant is deprived of due process, and equal protections (sic) of the law when his conviction is founded upon an involuntary confession; and denied a fair hearing and reliable determination of the voluntariness of his confession.[37]

---

[32] ECF # 18, Attachment at 97.

[33] *See*, ECF # 18 at 5.

[34] ECF # 18, Attachment at 109-11.

[35] The decision denying the motion to reopen the appeal was journalized on July 9, 2009 (*id.* at 109), and the notice of appeal from that decision was filed on August 7, 2009. *Id.* at 112. As noted previously, an appeal is timely filed under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) if it is filed within 45 days of the entry of the judgment for which the appeal is sought.

[36] ECF # 18, Attachment at 112-13.

[37] *Id.* at 115.

The State did not file a responsive brief.[38] The Ohio Supreme Court then denied leave to appeal and dismissed the matter as not involving any substantial constitutional question.[39] The record does not show that Thomas then sought a writ of certiorari from the Supreme Court of the United States.

**D.      Motion for re-sentencing**

While his motion for leave to appeal from the denial of his Rule 26(B) application was pending before the Supreme Court of Ohio, Thomas moved in the trial court that he be re-sentenced on the grounds that his initial sentencing order did not specify that he was convicted by a jury.[40] In response, the State agreed that language as to the means by which Thomas was convicted was absent from the sentencing order but proposed that this deficiency could be remedied by the issuance of a *nunc pro tunc* entry including the proper language.[41] The trial court thereupon entered such an entry specifying that Thomas had been convicted by a jury, but leaving all other aspects of the sentence undisturbed.[42]

---

[38] *See*, ECF # 18 at 6.

[39] ECF # 18, Attachment at 132.

[40] *Id*. at 133-38.

[41] *Id*. at 141-43.

[42] *Id.* at 144-46.

**E.      Federal habeas petition**

On April 14, 2010, Thomas, *pro se*, timely[43] filed the present petition for federal

habeas relief.[44] In his petition he raises six grounds for relief:

Ground One          Thomas's confession was not corroborated by any evidence,
                    especially as to the conviction for aggravated robbery. The
                    absence of corroborative evidence precludes the admission
                    of Thomas' custodial statements because corpus delicti has
                    not been proven.

Ground Two          The trial court erred when it gave the jury instructions for
                    aggravated murder and murder but not involuntary
                    manslaughter.

Ground Three        The trial court erred by not providing the jury with a
                    requested instruction for duress.

Ground Four         The convictions were not supported by sufficient evidence
                    because the state failed to prove that Thomas committed an
                    aggravated robbery.

Ground Five         The convictions were against the manifest weight of the
                    evidence.

Ground Six          Thomas did not receive effective assistance of counsel from
                    his first counsel (Thomas Tomczak) thereby causing
                    Thomas to be convicted.[45]

---

[43] The Ohio Supreme Court denied Thomas leave to appeal on September 16, 2009. *Id.* at 93. As noted, the present petition was filed on April 14, 2010. Thus, it is well-within the one-year limitations period established by 28 U.S.C. § 2244(d)(1).

[44] ECF # 1.

[45] *Id*. at 5-9.

The State filed a return of the writ[46] arguing that the claims raised in grounds one, two, three, and five are non-cognizable and so should be dismissed,[47] and that those asserted in grounds four and six should be denied because the state court's adjudication of these issues did not involve unreasonable applications of clearly established federal law.[48]

Thomas filed a traverse.[49] As noted, in addition to restating the arguments for the six grounds for relief set forth in the petition, Thomas, without prior leave to amend, simply presents a new, seventh ground for relief in his traverse:

> Argument seven:    Prejudice results when a defendant is deprived of due process, and equal protections (sic) of the law when his convictions are founded upon an involuntary confession; and denied a fair hearing and reliable determination of the voluntariness of his confession.[50]

The State did not seek to file a responsive brief addressing the attempt to add an additional ground for relief.

## Analysis

### A.    Preliminary observations

Before outlining my recommended dispositions of the claims for relief, I make the following preliminary observations:

_____

[46] ECF # 18.

[47] *Id*. at 11-22.

[48] *Id.* at 22- 27

[49] ECF # 22.

[50] *Id*. at 6.

1.      There is no dispute that Thomas is currently in state custody as the result of his conviction and sentence by an Ohio court and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[51]

2.      There is also no dispute, as detailed above, that this petition was timely filed under terms of the applicable statute.[52]

3.      In addition, Thomas represents,[53] and my own review of this Court's docket confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[54]

4.      Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[55]

5.      Finally, a previous motion for appointment of counsel[56] has already been denied in a separate entry.[57] Thomas has not requested an evidentiary hearing.[58]

---

[51] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[52] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[53] ECF # 1 at 12.

[54] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[55] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[56] ECF # 19.

[57] ECF # 23.

[58] *See*, 28 U.S.C. § 2254(e).

**B.      Standards of review**

*1.      Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners who are in custody in violation of federal law.[59]  Accordingly, it is well-settled that, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[60]  In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[61]

However, a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the petitioner being denied "fundamental fairness" at trial.[62]  The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[63]  Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[64]

_____

[59] 28 U.S.C. § 2254(a).

[60] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[61] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[62] *Estelle*, 502 U.S. at 67-68.

[63] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[64] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

-13-

The petitioner bears the burden of showing that a principle of fundamental fairness was violated.[65]  In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[66] and may not second-guess a state court's interpretation of its own procedural rules.[67] Further, while, in general, distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[68] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[69]

### 2.    AEDPA

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute is plain that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[70]

---

[65] *Id.*

[66] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[67] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[68] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[69] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[70] 28 U.S.C. § 2254(d).

In applying that statute, a federal habeas court is guided by the well-known teachings of *Williams v. Taylor*.[71]  As stated by the United States Supreme Court in *Williams,* a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[72] *Williams* further holds that a state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[73]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[74]  Rather, the state court holding may be disturbed only upon showing that it was "objectively unreasonable."[75]

---

[71] *Williams v. Taylor*, 529 U.S. 362 (2000).

[72] *Id.* at 412.  *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[73] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[74] *Williams*, 529 U.S. at 411.

[75] *Id*. at 409.

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[76]

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[77]  Then, the federal court is to review the claim *de novo*.[78]

## C.  Applications of standards

### 1.  *The purported ground seven raised for the first time in the traverse should not be considered since it is not properly before the Court.*

A habeas petitioner cannot introduce new claims by means of a traverse.[79]  Thus, as federal habeas courts have consistently held, because an argument raised for the first time in a reply brief is not properly before the court, it need not be addressed.[80]

Here, Thomas knew this claim for relief was exhausted on October 14, 2009, when the Supreme Court of Ohio denied his motion for leave to appeal from the denial of his

---

[76] *Id.* at 405-07.  *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[77] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[78] *Id.*

[79] *Mathis v. Smith*, 2011 WL 680148, at *5 (N.D. Ohio Jan. 7, 2011) (citations omitted).

[80] *Id.*; *Burns v. Birkett*, 2007 WL 2318740, at *5 n.2 (E.D. Mich. Aug. 9, 2007) ("Because these claims are being presented for the first time in petitioner's traverse or reply brief, rather than in his habeas petition, this Court declines to address these claims, because they are not properly before this Court.").

-16-

motion to reopen his appeal.[81] As such, this claim was known and should have been included in this habeas petition, which was filed in March, 2010. Further, despite not including this claim with the petition at filing, Thomas also did not seek to amend the petition before the State filed its return of the writ in November, 2010. Nor did he seek leave to amend at any point after that date. Instead, Thomas attempts to insert this claim in his traverse filed in late December, 2010.

Based on the foregoing authority, and after a review of the record, I recommend that which Thomas styles as a seventh ground for habeas relief not be considered by this Court because he asserted it for the first time in the traverse.

**2.    *Grounds that should be dismissed as non-cognizable***

a.    *Ground one – confession not supported by corroborating evidence*

Here, Thomas's argument before the state appeals court claimed that a confession cannot be admitted without some evidence outside the confession itself that tends to prove, or corroborate, some material element of the crime charged – in this case, aggravated robbery.[82] In support, Thomas cited first to the United States Supreme Court's 1954 decision

---

[81] ECF # 18, Attachment at 132.

[82] ECF # 18, Attachment at 26-28.

in *Smith v. United States*,[83] and, in addition, to the Fifth Circuit's 1969 holding in *Watkins v. United States*,[84] as well as to three Ohio court decisions.[85]

The Ohio appellate court resolved this claim against Thomas solely as a matter of Ohio law, noting first that Ohio courts have called into question the continued validity of the corroboration rule in light of current procedural safeguards accorded to the accused.[86] The appellate court then further noted that when Ohio courts do invoke the rule, they find that the burden on the state to produce some evidence of the crime itself is "minimal," such that, as here, merely circumstantial evidence may properly satisfy the rule.[87]

The State now maintains that this ground for relief is non-cognizable for simply raising an issue of state evidentiary law.[88] In the return of the writ the State also notes, along the lines developed by the appellate opinion, that while the corroboration rule remains viable in federal criminal practice, federal habeas courts have refused to apply it in habeas cases because it is not clear if the rule is based on a federal constitutional right or merely

---

[83] *Smith v. United States*, 348 U.S. 147, 152-53 (1954).

[84] *Watkins v. United States*, 409 F.2d 1382 (5th Cir. 1969)

[85] ECF # 18, Attachment at 26.

[86] *Id*. at 62.

[87] *Id*. at 62-63.

[88] ECF # 18 at 15-17.

constitutes a federal common law rule of evidence.[89] Accordingly, the State argues that because federal courts do not view the corroboration rule as involving a federal constitutional right, its alleged violation raises only a question of state evidentiary law, thus rendering Thomas's claim in that regard non-cognizable and subject to dismissal.[90]

As the Sixth Circuit explained in *United States v. Brown*, the corroboration rule is a common law evidentiary rule, not a constitutional one.[91] As such, the first ground is non-cognizable because it does not rest on any recognized federal constitutional right. I recommend its dismissal.

*b., c.  Ground two – denial of a jury instruction as to involuntary manslaughter*

As to both ground two and ground three, alleged errors in jury instructions, like other purported errors of state law, do not normally present federal constitutional violations.[92]

---

[89] *United States v. Brown*, 617 F.3d 857, 861-62 (6th Cir. 2010) (citing *Williams v. Chapleau*, 202 F.3d 271, 2000 WL 32015, at *3 (6th Cir. Jan 4, 2000) (table decision) (declining to apply the corroboration rule to a habeas claim). The Sixth Circuit in *Brown* notes that the first version of the corroboration rule, as it developed in 17th century England, was known as the *corpus delicti* – or body of the crime – rule. That rule arose after persons had confessed under torture to a murder only to have the "victim" later turn up alive. The corroboration rule thus required that a confession be corroborated by independent evidence that the crime actually occurred before a confession could be used. *Brown*, 617 F.3d at 860. The modern corroboration rule differs in that the government is not restricted to corroborating a confession only by producing independent evidence that a crime has been committed but may also corroborate a confession by producing evidence for the trustworthiness of the confession. *Id*.

[90] ECF # 18 at 17. *See*, *Gilmore v. Taylor*, 508 U.S. 333, 344 (1993) (errors of state law in jury instructions will rarely form the basis for federal habeas relief).

[91] *Brown*, 617 F.3d at 862.

[92] ECF # 18 at 17.

-19-

Rather, in order for federal habeas relief to be granted on the basis of an incorrect jury instruction, the petitioner must show more than that the instructions were undesirable, erroneous, or even universally condemned; taken as a whole, the improper instruction must be so infirm that it rendered the entire trial fundamentally unfair so that the resulting conviction violated due process.[93] Thus, as the Sixth Circuit has clearly stated, "only if 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process' can the [federal habeas] court grant the writ."[94] As regards fundamental fairness, the Supreme Court reiterated in *Estelle v. McGuire* that "we also bear in mind our previous admonition that we 'have defined the category of infractions that violate "fundamental fairness" very narrowly.'"[95]

Here, ground two contends that the writ should issue because the trial court did not instruct on the lesser included offense of manslaughter. The Sixth Circuit in *Bagby v. Sowders*[96] teaches that it is "conceivable" that failure in a non-capital case to instruct as to a lesser included offense may present a cognizable claim for habeas relief.[97] Specifically, the *Bagby* court noted that such a violation could be made out when "a fundamental miscarriage

---

[93] *Estelle*, 502 U.S. at 72.

[94] *Baze v. Parker*, 371 F.3d 310, 327 (6th Cir. 2004) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)).

[95] *Estelle*, 502 U.S. at 72-73 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

[96] *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (*en banc*).

[97] *Id.* at 795.

of justice" is found to have resulted from the "arbitrary and unsupportable" denial of a lesser included offense instruction "in clear defiance of state law."[98] But, *Bagby* then observed, these occasions would occur only in the "most unusual circumstances," such as where the failure to instruct on the lesser included offense likely resulted in the conviction of an innocent person.[99]

There is nothing in the record to suggest that the circumstances described in *Bagby*, which might give rise to a federal habeas claim for improper jury instructions, took place in this case. First, the state appeals court found that the denial of the instruction as to involuntary manslaughter was proper under state law because Thomas's admission of the crime of aggravated robbery – a crime of violence and a first degree felony – meant there was no evidence to support a conviction on involuntary manslaughter – which does not include the element of violence.[100] Further, as noted above, Thomas has never asserted that he is factually innocent of causing Smith's death but only that it was accidental.

Accordingly, based on the forgoing analysis of the record in light of relevant controlling authority, I recommend dismissing ground two as stating a non-cognizable claim for relief.

As with the proposed instruction on involuntary manslaughter, the Ohio appeals court found that the denial of an instruction on duress was correct as a matter of Ohio law. In

---

[98] *Id.*

[99] *Id.*

[100] ECF # 18, Attachment at 63-64.

-21-

particular, the appellate court stated that because there was no objective evidence at trial that – at the time of Smith's shooting – Thomas was being threatened by O'Neil with death or serious bodily harm if he did not shoot Smith, there was no basis by which a jury to credit a defense of duress; it was not error for the trial court to refuse to instruct on duress.[101]

Since the state appeals court found that the refusal to instruct on duress did not violate Ohio law, and since Thomas has not here shown that the otherwise correct instruction rendered his trial fundamentally unfair, I recommend dismissing the third ground for relief as non-cognizable.

*d.*     *Ground five – convictions against the manifest weight of the evidence*

Claims for habeas relief asserting that a conviction is against the manifest weight of the evidence do not, of themselves, state a cognizable claim for relief since, "under Ohio law, the manifest weight of the evidence standard is broader than the [federal constitutional] standard used to evaluate sufficiency of the evidence."[102] As explained by the Supreme Court in *Tibbs v. Florida,*[103] the federal standard for sufficiency of the evidence, which is based on due process concerns, tests the adequacy of the evidence for proving each essential element of the charged offense and presents a question of law, while the determination of whether a conviction is supported by the manifest weight of the evidence requires the reviewing court

---

[101] ECF # 18, Attachment at 64-65.

[102] *Travis v. Beightler*, No. 1:09CV2606, 2011 WL 1527320, at *11 (N.D. Ohio March 29, 2011) (citations omitted).

[103] *Tibbs v. Florida*, 457 U.S. 31 (1982).

to act as a "thirteenth juror" in re-assessing the jury's factual determinations, such as the resolution of conflicting testimony and the credibility of witnesses.[104] Such factual determinations are not permitted to federal habeas courts,[105] which in general renders claims involving manifest weight of the evidence non-cognizable.[106]

Here, because Thomas has raised an independent claim that his conviction was not supported by substantial evidence, there is no basis to construe this manifest weight claim as stating a ground for relief on the basis of insufficient evidence. Further, considered then solely as an argument that his conviction was against the manifest weight of the evidence, I recommend finding on the authority cited above that such a basis for relief is not cognizable here and, therefore, that ground five should be dismissed.

### 3. Claims that should be denied on the merits because the state court's adjudication of the claims was not an unreasonable application of clearly established federal law or was not contrary to clearly established federal law

#### a. Ground four – insufficiency of the evidence

As related by the Ohio appeals court, Thomas argued that the evidence at trial was insufficient to prove that he had "purposely caused" Smith's death as required for a

---

[104] *Id.* at 42-47 (citations omitted).

[105] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

[106] *But see*, *Nash v. Eberlin*, 258 F. App'x 761, 765 (6th Cir. 2007) ( for purposes of avoiding the procedural default of a sufficiency of the evidence claim, a manifest weight of the evidence claim asserted by a *pro se* petitioner in state court was construed as a sufficiency of the evidence claim under the rules for lenient construction because, in Ohio, a judgment that a conviction was supported by the manifest weight of the evidence necessarily implied that the Ohio court also determined that the conviction was supported by sufficient evidence).

-23-

conviction of aggravated murder and that a theft offense had occurred, as required for a conviction of aggravated robbery.[107] Thomas raises the identical arguments in support of this ground for habeas relief.[108]

The state appeals court began its adjudication of this issue by noting that the test for the sufficiency of the evidence is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[109] Although the state appeals court here cited to an Ohio Supreme Court case as the source for the rule, that case, in turn, relied on *State v. Jenks*,[110] which rested on the United States Supreme Court case of *Jackson v. Virginia*,[111] and *Jenks* accurately incorporates into Ohio law the clearly established federal law pronounced in *Jackson*.[112]

In addition, the Sixth Circuit has recently emphasized that a state court's determination of a sufficiency of the evidence claim is entitled to "double-deference" by the federal habeas court – first, deference to the jury's verdict, and second, deference to the state

---

[107] ECF # 18, Attachment at 67.

[108] ECF # 22 at 4.

[109] ECF # 18, Attachment at 66, citing *State v. Thompkins*, 78 Ohio St. 3d 380, 386-87, 678 N.E.2d 541, 546 (1997).

[110] *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991).

[111] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[112] *See*, *id.* at 324.

court's consideration of the verdict.[113] In other words, even if the reviewing federal habeas court concludes that no rational jury could have convicted the defendant on the evidence presented, the habeas court "must still defer to the *state appellate court's* sufficiency determination so long as it is not unreasonable."[114] Thus, in considering a sufficiency of the evidence challenge, the federal habeas court "must stay its hand unless the state-court decision is 'far out of line with the very general standard set forth in *Jackson v. Virginia.*'"[115]

Here, having stated the applicable federal law of sufficiency of the evidence, and the statutory elements of each of the crimes charged, the Ohio appeals court in this case then analyzed the evidence produced in Thomas's trial under the standard for sufficiency of the evidence:

> [A]ppellant's confession confirms each and every element of the aggravated robbery [charge]. By appellant's own admission, the shooting occurred at appellant's hands, during the commission of the aggravated robbery. Evidence that Smith was shot not once, but twice, amply supports the state's position that appellant "purposely caused" the victim's death. Viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crimes charged proven beyond a reasonable doubt.[116]

Here, the state appeals court correctly identified the clearly established federal law applicable to adjudication of the claims of insufficient evidence. Thus, as detailed above,

---

[113] *Davis v. Lafler*, 658 F.3d 525, 531-35 (6th Cir. 2011) (*en banc*).

[114] *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (emphasis in original).

[115] *Cook v. Smith*, No. 10-3182, 2012 WL 934033, at *5 (6th Cir. March 21, 2012) (quoting *Lafler*, 658 F.3d at 535).

[116] ECF # 18, Attachment at 67.

because the state court decision both (a) did not unreasonably apply that standard, and (b) is entitled to additional deference from this court since it is not "far out of line" from the standard established in *Jackson*, I recommend that ground four of this petition be denied on its merits for the reasons provided.

b. *Ground six – ineffective assistance of trial counsel*

As to this ground, Thomas asserted to the Ohio appeals court that his trial counsel was ineffective for: (1) permitting Thomas to be interviewed by police, even encouraging him to sign waivers of his right, when the State had no incriminating evidence against him, and (2) not even attending Thomas's third interview by police at which a polygraph test was administered and Thomas signed a written confession.[117] In re-stating this claim in its opinion, the Ohio appellate court simply said that Thomas was claiming ineffective assistance of trial counsel on the "sole concern" that counsel "did not dissuade [Thomas] from participating in interviews with police;" interviews Thomas faulted "on nothing more than the fact that the interviews resulted in a bad outcome" for Thomas.[118]

After setting forth the applicable clearly established federal law for determining ineffective assistance of counsel, and directly citing to the United States Supreme Court case of *Strickland v. Washington*[119] as the source for that test,[120] the Ohio appellate court denied

---

[117] *Id.* at 32 (Thomas's brief on appeal).

[118] *Id.* at 69.

[119] *Strickland v. Washington*, 466 U.S. 668 (1984).

[120] ECF # 18, Attachment at 68.

Thomas's claim by finding that the mere occurrence of a claimed "bad outcome" from a police interview permitted by counsel is not sufficient to establish that counsel's action in agreeing to that interview was ineffective. The Ohio decision noted that if counsel could be found ineffective because of a bad outcome, not on grounds that counsel had done something to undermine the integrity of the adversarial system, then all attorneys would be at risk all the time no matter what they did, since even the most effective counsel can still lose a case.[121]

It is well-settled that *Strickland* involves a two-prong test: first, whether counsel's performance was deficient and, then, whether that deficient performance prejudiced the defendant so as to render the trial unfair and the result unreliable.[122] As to the first, or performance, prong of the test, the reviewing court's scrutiny of counsel is highly deferential.[123] Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[124] In that regard, and as alluded to by the Ohio appeals court, a reviewing court must not indulge in hindsight but must evaluate the reasonableness of counsel's performance within the context

---

[121] *Id.* (citation omitted).

[122] *Strickland*, 466 U.S. at 687.

[123] *Id.* at 689.

[124] *Id.* at 690.

of the circumstances obtaining at the time of the alleged errors.[125] Trial counsel's tactical

decisions, in particular, are difficult to attack.[126]

In this case, I note that the complained-of behavior of counsel was that, in the first

instance, he permitted Thomas to be interviewed by police, and with defense counsel present,

allegedly before the prosecution had any incriminating evidence.[127] As to the second instance,

Thomas locates the purported ineffectiveness in counsel not being present for a third

interview with police at which a polygraph was administered, and Thomas signed a written

statement.[128]

That said, however, a review of the record discloses that Thomas's factual claims are,

at best, incomplete.

My independent reading of the trial transcript shows that, after Thomas had been

arrested and charged, his court-appointed attorney contacted police on October 7 because

"Thomas wanted to speak to [police] at that point."[129] It should be noted that O'Neil, who

would later be a co-defendant in this crime had also been arrested and charged at this point

in Smith's death.[130] Thus, on October 7, 2005, Thomas, with Attorney Tomczak present,

---

[125] *Id.*

[126] *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

[127] ECF # 22 at 6.

[128] *Id.*

[129] ECF # 18, Attachment at 374-75.

[130] *Id.*

made a videotaped statement to Detective Vicki Stevens denying any knowledge of, or involvement with, Smith's murder.[131]

Then, an anonymous tip led police to the location of the murder weapon.[132] Police determined that the gun belonged to O'Neil and also learned that O'Neil had previously shot at Thomas and "torched" his mother's van.[133] Consequently, Detective Stevens set another interview with Thomas in the murder investigation while Detective Scott Smith was assigned to speak with Thomas concerning his allegations against O'Neil.[134] Both interviews were scheduled for that same day – November 3, 2005.[135]

Detective Stevens's interview on November 3, like her previous interview, was conducted with Attorney Tomczak present and was videotaped.[136] Thomas, however, changed his story in his second videotaped interview with Detective Stevens, now admitting he was present at Smith's murder, even admitting that he held the murder weapon, but insisting it was an accident.[137]

---

[131] *Id.* at 381.

[132] *Id.* at 389.

[133] *Id.* at 391-92.

[134] *Id.* at 378 (Stevens interview); 403 (Smith interview).

[135] *Id.*

[136] *Id.* at 378-79, 380.

[137] *Id.*

Thomas correctly notes that Attorney Tomczak was not present for the interview that same day with Detective Smith concerning Thomas's assertions about O'Neil. But, Detective Smith testified that before the interview began he Mirandized Thomas, and Thomas specifically agreed to continue the interview without counsel being present.[138] Thomas then related in some detail his account of the gun going off accidentally during a robbery and wrote that account down in his own words on the back of the waiver form he had signed at the beginning of his interview with Smith.[139]

While obviously it would have been preferable for the state appeals court to have set out this sequence as part of its analysis of ineffective assistance of counsel, or for the State to have done so in its return of the writ, the fact is that nothing in this record, properly understood in its totality, supports Thomas's contention that trial counsel was ineffective.

First, the decision to initiate the first interview with Detective Stevens appears from the trial testimony to have been Thomas's, not Attorney Tomczak's. Further, it is not entirely correct to say, as Thomas asserts, that this initial interview was done with no evidence linking Thomas to the crime. In fact, as the testimony of Detective Stevens makes clear, at the time of this interview, police had already arrested both Thomas and O'Neil, who would become a co-defendant. Moreover, Thomas's position was that he knew nothing about this crime. Accordingly, under those circumstances, it is hard to imagine that defense counsel

---

[138] *Id.* at 397-98.

[139] *Id.* at 401-03.

could be constitutionally ineffective for participating in a videotaped interview in which his client asserted his total lack of involvement in the crime.

As to the interview with Detective Smith on November 3, 2005, the record shows that this interview was done as a follow-up to Thomas's accusations against O'Neil. Therefore, Thomas was initially appearing as a complaining witness, not a defendant, and so no right to counsel obtained. To the extent that this interview then expanded to include questions about the murder, the record shows that Thomas received oral communications of his right to have counsel present, as well as a written waiver form, which he signed. It is similarly difficult to understand how Thomas can now allege that his counsel was ineffective for actions attributable solely to Thomas.

Thus, I recommend finding that the state court decision on ground six is not an unreasonable application of *Strickland* and so this claim should be denied.

## Conclusion

For the foregoing reasons, the petition of Lawrence E. Thomas for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed in part and denied in part as is more fully detailed above.


Dated:   November 28, 2012                    s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[140]

---

[140] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).