IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

LAWRENCE E. THOMAS,

                Petitioner

    -vs-

BENNIE KELLY,

                Respondent.

---

: CASE NO. 3:10 CV 00777
:
:
: MEMORANDUM AND ORDER

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Pursuant to Local Rule 72.2(b)(2), the instant pro se petition for the writ of habeas corpus was referred to United States Magistrate Judge William H. Baughman, Jr., for report and recommendation ("R&R"). On 28 November 2012, the Magistrate Judge recommended that the petition be dismissed in part and denied in part. (Doc. 15). The petitioner Lawrence E. Thomas (hereinafter "petitioner") now objects. (Doc. 15). For the reasons that follow, the objections will be overruled, the R&R adopted, and the petition dismissed in part and denied in part.

    The petitioner filed the instant habeas petition on 14 April 2010, alleging six grounds for relief. After the respondent filed an answer, and the petitioner a traverse, the Magistrate Judge issued an R&R with the recommendation that the Court deny on the merits the petitioner's claims of insufficiency of the evidence (Ground 4) and ineffective assistance of counsel (Ground 6). (Doc. 27, pp. 23-31). The Magistrate

Judge concluded that the remainder of the petitioner's claims (Grounds 1-3, 5) should be dismissed as non-cognizable. (Doc. 27, pp. 17-23). The petitioner has filed objections with respect to the Magistrate Judge's recommendations on Grounds 4 and 6 only.

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x. 354, 356 (6th Cir.2001) (citing Miller, 50 F.3d at 380). In the absence of objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note.

In this instance, the petitioner filed timely objections to the R&R, but his objections do not meet the specificity requirement of 28 U.S.C. § 636. Although he cites a lack of evidence and maintains his "factual innocence" of the crimes for which he was convicted, he fails to provide a single focused argument addressing the Magistrate Judge's specific recommendations. The Court concludes that the petitioner's vague,

general, and conclusory objections are the equivalent to having filed no objection at all. Therefore, having reviewed the Magistrate Judge's R&R for clear error and found none, the Court will adopt the R&R in its entirety.

### Conclusion

For the reasons stated above, the petitioner's objections are overruled, the R&R is adopted in its entirety, and the petition is dismissed in part and denied in part. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: 27 May 2013